**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Riki Rashaad Muhammad,       )<br>                                            )<br>            Petitioner,             )<br>v.                                          )<br>                                            )<br>Dora Schriro, et. al.,              )<br>                                            )<br>            Respondents.         )<br>_____) | No. CV-06-1036-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to Magistrate Judge Lawrence O. Anderson for Report and Recommendation. On September 26, 2007 the Magistrate Judge filed a Report and Recommendation with this Court. Thereafter, on November 5, 2007, Petitioner filed objections tot eh Report and Recommendation.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings. Orand v. United States, 602 F.2d 207 (9th Cir. 1979) (citing Campbell v. United States Dist. Court, 501 F.2d 196 (9th Cir. 1974)); see also Barilla v. Ervin, 886 F.2d 1514 (9th Cir. 1989) (overruled on other grounds). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Turner v. Duncan, 158 F.3d

449, 455 (9th Cir. 1998); Baxter, 923 F.2d at 1394; Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991) (citing McCall v. Andrus, 628 F.2d 1185, 1187 (9th Cir. 1980)).

## DISCUSSION

Having reviewed the legal conclusions of the Report and Recommendation of the Magistrate Judge, and the objections having been made by Petitioner thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation, with the following addition.

The Court finds that the Magistrate Judge adequately addressed all of Petitioner's arguments. More specifically, the Court agrees that Petitioner did not properly present grounds four and seven to the Arizona state courts, and therefore these claims are procedurally barred, and the Court need not reach the merits of these claims unless Petitioner either establishes "cause and prejudice" or a "fundamental miscarriage of justice." *Bradshaw v. Richey*, ___ U.S.___, 126 S.Ct. 602, 605 (2005); *Moorman v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005)(stating that "[a] prisoner who fails to comply with state procedures cannot receive federal habeas corpus review of a defaulted claim unless the petitioner can demonstrate either cause for the default and resulting prejudice, or that failure to review the claims would result in a fundamental miscarriage of justice.")(citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Petitioner's argument that his lack of legal knowledge excuses the procedural bar does not however satisfy the cause standard. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986). Therefore, Petitioner has failed to carry his burden of proof regarding cause and prejudice. Furthermore, Petitioner was unable to establish that failure to consider his claims would result in a fundamental miscarriage of justice. *Schlup*, 513 U.S. at 327. To satisfy the "fundamental miscarriage of justice" test, Petitioner must show that his trial "resulted in the conviction of one who is actually innocent of the underlying offense." *Dretke v. Haley*, 541 U.S. 368, 393 (2004)(reaffirming the "narrow exception" to the requirement that a habeas petitioner demonstrate "cause" for his procedural default in state court for situations concerning a "fundamental miscarriage of justice" where "a constitutional violation has 'probably resulted'

in the conviction of one who is 'actually innocent' of the substantive offense.")(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Petitioner did not assert a claim of actual innocence.

## CONCLUSION

For the reasons set forth,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of Magistrate Judge Anderson (Doc. 22).

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

DATED this 8th day of November, 2007.

_____
Stephen M. McNamee
United States District Judge