# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Riki Rashaad Muhammad, ) | No. CV 06-1036-PHX-SMM |
| Petitioner, ) | **ORDER** |
| v. ) | |
| Charles L. Ryan, et. al., ) | |
| Respondents. ) | |

Before the Court is Petitioner Riki Rashaad Muhammad's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1). On April 23, 2010, the Ninth Circuit issued its mandate vacating this Court's denial of Petitioner's Petition and remanding "for an evidentiary hearing to address the merits of Petitioner's ineffective assistance of counsel claim." (Doc. 41; Doc. 41-1.) The Court "refer[red] this case to the magistrate judge for the purpose of conducting an evidentiary hearing and issuing a Report and Recommendation for this Court's consideration." (Doc. 42 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72).) On March 3, 2011 and March 4, 2011, the Magistrate Judge held the evidentiary hearing. (Doc. 102, Doc. 104.)

On July 7, 2011, the Magistrate Judge filed a Report and Recommendation recommending that the Court deny the Petition. (Doc. 124.) The Magistrate Judge recommended that Petitioner's Petition be denied as meritless as Petitioner failed to demonstrate "that the State [C]ourt's rejection of his claim of ineffective assistance of counsel was contrary to, or an unreasonable application of clearly established federal law."

(Doc. 124 at 26 (citing 28 U.S.C. § 2254).) The Magistrate Judge held that Petitioner failed to meet his burden to establish that the State Court unreasonably applied the Strickland v. Washington standard used in ineffective assistance of counsel claims, which requires Petitioner to establish both that counsel's performance was deficient and that, but for counsel's deficient performance, the proceedings would have had a different result. (Doc. 124 (citing 466 U.S. 668, 687 (1984).)

On July 11, 2011, this Court granted Petitioner's unopposed Motion to Extend Time to File Objections to the Report and Recommendation (Doc. 125) and ordered Petitioner to file any objections to the Report and Recommendation by September 6, 2011 and Respondents to file any response to those objections by October 21, 2011. (Doc. 126.) On September 6, 2011, Petitioner timely filed his Objections to Magistrate Judge's Report and Recommendation. (Doc. 127.) On October 20, 2011, Respondents timely filed their Response to Petitioner's Objections. (Doc. 129.) After considering the Magistrate Judge's Report and Recommendation and the arguments raised in Petitioner's Objections thereto, the Court issues the following ruling.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendations, this Court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings; the Court then may decide the dispositive motion on the applicable law. Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979) (citing Campbell v. United States Dist. Court, 501 F.2d 196 (9th Cir. 1974)).

///

**DISCUSSION**

Petitioner first objects to the Magistrate Judge's findings that certain testimony presented during the evidentiary hearing was irrelevant. (Doc. 124 at 22-23 n.8; Doc. 127 at 18-22.) The Court denies Petitioner's objections. First, the Magistrate Judge appropriately ruled that the circumstances surrounding Petitioner's acceptance of a plea deal in an earlier case was irrelevant, as the pertinent issue here is the circumstances surrounding the alleged proposed plea deal which gave rise to Petitioner's ineffective assistance of counsel allegations. (Doc. 124 at 23-24 n.8; Doc. 127 at 18-19.) Second, the Magistrate Judge properly ruled that Petitioner's aunt's testimony regarding his present prison behavior was irrelevant to his Petition, as Petitioner's present prison conduct does not help determine whether he would have accepted the alleged plea offer in 1996. (Doc. 124 at 23-24 n.8; Doc. 127 at 20.)

Next, Petitioner objects to the Magistrate Judge's findings regarding whether counsel was deficient. (Doc. 127 at 22-27.) The Court denies these objections. First, the Magistrate Judge properly recognized the presumption that counsel's performance was competent and also properly deferred to the State Court's decision. (Doc. 124 at 20 (citing Knowles v. Mirzayance, 556 U.S. 111; Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1403 (2011)); Doc. 127 at 23-24.) Second, the Magistrate Judge appropriately held that the State Court did not unreasonably apply clearly established federal law in finding that Petitioner's counsel was not deficient. (Doc. 124 at 20; Doc. 127 at 22-27.) Third, the Magistrate Judge did not err by suggesting possible reasons for the State Court's finding, including that the State Court may have found that counsel was not deficient given the unclear status of Arizona law at the time of the alleged plea bargain advice and that Petitioner was charged with other offenses involving different kinds of intent. (Doc. 124 at 20-21; Doc. 127 at 22-27.) Fourth, Petitioner's contention that Petitioner's counsel provided no advice on the proposed plea bargains is contrary to both the evidence in this case and to Petitioner's contention that he received erroneous advice. (Doc. 127 at 24-26.)

Petitioner also objects to the Magistrate Judge's findings regarding whether Petitioner was prejudiced by counsel. (Doc. 127 at 27-38.) The Court denies these objections. First, the Magistrate Judge properly found that prejudice requires demonstration of a "substantial" likelihood of a different result. (Doc. 124 at 21; Doc. 127 at 28-29.) The U.S. Supreme Court has stated that prejudice "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." Cullen v. Pinholster, __ U.S. __, 131 S.Ct. at 1403. Second, the Magistrate Judge made appropriate findings related to Petitioner's statements and testimony about the likelihood that he would accept a plea bargain and the influence that counsel's alleged statements had on him. (Doc. 124 at 23-24; Doc. 127 at 31-32, 37-38). The Magistrate Judge properly concluded that Petitioner's denial of wrongdoing and Petitioner's steadfast belief that his conduct toward his son was non-criminal does not support Petitioner's contention that he would have accepted a plea offer. (Doc. 124 at 24.) The Magistrate Judge also reasonably concluded that Petitioner's self-serving statements made six years after his conviction that he would have accepted a plea offer should be viewed with skepticism. (Doc. 124 at 24.) Third, the Court will overrule Petitioner's objection to the Magistrate Judge's finding that lack of U.S. Supreme Court precedent precludes a finding that the State Court's decision was contrary to or an unreasonable application of Supreme Court precedent. (Doc. 124 at 25; Doc. 127 at 27-28.)

**CONCLUSION**

The Court denies all of Petitioner's objections to the Magistrate Judge's Report and Recommendation, whether specifically discussed above or not. The Court agrees with the Magistrate Judge that Petitioner has not shown that the State Court's rejection of his claim of ineffective assistance of counsel was contrary to, or an unreasonable application of clearly established federal law pursuant to 28 U.S.C. § 2254. Accordingly,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of the Magistrate Judge (Doc. 124).

**IT IS FURTHER ORDERED DENYING AND DISMISSING** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **GRANTED** because Petitioner has made a substantial showing of the denial of a constitutional right.

DATED this 7th day of November, 2011.

Stephen M. McNamee
United States District Judge